IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RENETTA CHARLES**                                                               **PLAINTIFF**

v.                      Case No. 5:13-cv-00190-KGB-BD

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                      **DEFENDANT**

## ORDER

The Court has reviewed the Recommended Disposition ("Recommendation") and Supplement to Recommended Disposition ("Supplement") submitted by United States Magistrate Judge Beth Deere (Dkt. Nos. 11, 13), as well as defendant's objections (Dkt. No. 12). After careful review, including a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety, as clarified by the Supplement.

The Recommendation recommends reversal of the Administrative Law Judge's ("ALJ") denial of plaintiff Renetta Charles's application for supplemental security income ("SSI") for her granddaughter, C.B.W. Although the Commissioner argues that the Recommendation is flawed in that it applies the incorrect standard of review, the Supplement clarifies that "[t]he record as a whole does not support the Commissioner's decision" (Dkt. No. 13, at 4), which is a finding based on the correct standard of review. *See* 42 U.S.C. § 405(g) (requiring district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (explaining that the court will uphold the ALJ's decision if it lacks legal error and is supported by substantial evidence); *see also Cantrell v. Apfel*, 231 F.3d 1104, 1106 (8th Cir. 2000) ("In assessing the substantiality of the evidence, we must consider evidence that

detracts from the Commissioner's decision as well as evidence that supports it." (citation omitted)); *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987) (explaining that courts must consider "the weight of the evidence in the record and apply a balancing test to evidence which is contradictory").

The Court agrees that the ALJ's determination in regard to the domains of acquiring and using information and moving about and manipulating objects is not supported by substantial evidence. To determine that C.B.W. had less than a marked limitation in acquiring and using information, the ALJ relied on a child function report completed by Ms. Charles on December 9, 2010, a consultative examination conducted on August 23, 2010, and a state agency medical consultant opinion filed on May 27, 2010. Subsequently, at ages 16 months on January 20, 2011, and 34 months on June 26, 2012, C.W.B.'s cognitive scores on standardized tests for measuring a child's developmental skills were greater than two deviations but less than three deviations. *See* 20 C.F.R. § 416.926a(e)(2)(iii). At age 27 months on December 16, 2011, C.B.W.'s cognitive functioning fell between one-half and two-thirds of her chronological age. *See* 20 C.F.R. § 416.926a(e)(2)(ii). The ALJ's reliance on Ms. Charles's report, the consultative examination, and the state agency medical consultant's opinion was unreasonable in light of the subsequent testing that showed a decline in relative cognitive functioning beginning at least in December 2011. Taken as a whole, C.B.W.'s teacher's opinion in February 2011, team evaluation reports from C.B.W.'s school in 2011 and 2012, and progress notes from C.B.W.'s school in May 2012—select portions of which are cited by the Commissioner as evidence overcoming C.B.W.'s scores—do not support functioning higher than indicated by the test scores and would not be accepted by a reasonable mind as adequate to support the ALJ's determination.

To determine that C.B.W. had less than a marked limitation in moving and manipulating objects, the ALJ relied on her teacher's representation that C.B.W. was able to walk while holding on. The ALJ also stated that C.B.W.'s condition was not considered significant enough to qualify for therapy. However, C.B.W. began physical therapy at age 16 months and occupational therapy at age 27 months. Despite this therapy, at ages 27 and 34 months C.B.W.'s standardized test scores were greater than two deviations but less than three deviations, which placed her functioning between one-half and two-thirds of her chronological age. Moreover, the child function report completed by Ms. Charles on December 9, 2010, relayed that her granddaughter's physical abilities were limited in that she could not stand up or walk without help; C.B.W.'s teacher reported February 2011 that C.B.W. had serious problems in the moving and manipulating objects domain; and the state agency medical consultant opinion filed on May 27, 2010, determined that C.B.W. had a marked limitation in the moving and manipulating objects domain. Again, C.B.W.'s school progress reports in 2011 and 2012, when taken as a whole, do not support functioning higher than indicated by the test scores and would not be accepted by a reasonable mind as adequate to support the ALJ's determination.

Generally, when a court reverses an ALJ's denial of benefits on appeal, the court should remand the case for further administrative proceedings out of "abundant deference to the ALJ." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (citation omitted). The Court "may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding." *Id.* (citations omitted); *see Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992) ("Where the record overwhelmingly supports a disability finding and remand would merely delay the receipt of benefits to which plaintiff is entitled, reversal is appropriate."); *Fowler v. Bowen*, 866 F.2d 249, 253 (8th Cir. 1989) ("When the record is overwhelmingly in support of a finding of

disability, there is no need to remand to the Secretary for further consideration."); *Harmon v. Colvin*, No. 4:12CV00539 BSM, 2013 WL 1786845, at *1 (E.D. Ark. Apr. 25, 2013) ("Because there is not overwhelming evidence of disability, the case is remanded for further administrative proceedings."). The Court agrees that the record overwhelmingly supports a finding of disability beginning in December 2011 and that remand for further administrative proceedings would merely delay the receipt of benefits to which Ms. Charles is entitled. Thus, the Court remands this case for the award of SSI beginning December 2011.

SO ORDERED this the 26th day of September, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE